IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
THOMASVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Criminal Action No. 6:06-cr-2 (HL) |
| | : | |
| **JOHN R. DOLLAR and** | : | |
| **KEARSLEY DOUGHTY,** | : | |
| | : | |
| Defendants. | : | |

_____

# ORDER

The Government's Motions for Revocation of Release Order (Doc. #'s 23, 24) came before the Court for hearing on May 4, 2006. As more fully stated on the record following the presentation of evidence and argument, and for the reasons summarized below, the Court adopts the United States Magistrate Judge's Orders Setting Conditions of Release (Doc. #'s 16, 17) entered on May 2, 2006. The Government's motions are denied.

**I.      FACTS AND PROCEDURAL HISTORY**

On May 2, 2006, Defendants John R. Dollar ("Dollar") and Kearsley Doughty were arraigned before United States Magistrate Judge Richard L. Hodge. At that hearing, the Government argued on behalf of a pair of Motions for Detention (Doc. #'s 5, 6) as to both Defendants. After a presentation of evidence and argument, Judge Hodge denied the two motions and issued Orders Setting Conditions of Release (Doc. #'s 16, 17). The Government immediately filed the present motions requesting the Orders of Release be revoked, pursuant

1

to 18 U.S.C. § 3145.  A hearing was held, during which the parties made proffers of the testimony presented at the prior hearing, one additional defense witness gave testimony,[1] and counsel for all parties made arguments.  The Court ruled from the bench to adopt Judge Hodge's Order Setting Conditions of Release.

## II.    ANALYSIS

Based on a careful review of the pleadings and evidence developed at the Magistrate's detention hearing, in addition to the one witness's further testimony on Dollar's behalf, the Court determines the Magistrate's factual findings are supported and the Magistrate's legal conclusions are correct.  The Court therefore explicitly adopts the Magistrate's Order Setting Conditions of Release.  As the Court did from the bench, it again emphasizes Defendants are to have no contact with witnesses in the upcoming trial in which Martin and Charles Ladon Harrell are defendants, nor any direct or third party contact with either such Defendant.

## III.   CONCLUSION

The Government's Motions (Doc. #'s 23, 24) are denied.

**SO ORDERED**, this the 4th day of May, 2006.

s/     **Hugh Lawson**
HUGH LAWSON, JUDGE

pdl

---

[1] Due to the testimony of this character witness, who did not testify in the prior hearing, and in accordance with the directive of the United States Court of Appeals for the Eleventh Circuit, the Court issues this written order.  See, e.g., United States v. King, 849 F.2d 485, 491 (11th Cir. 1988) (holding it is necessary for a district court to enter its findings regarding pretrial detention in writing when it considers evidence which was not considered by the magistrate).